**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond REYES, Defendant–Appellant.**

No. 93–6149.

United States Court of Appeals,
Tenth Circuit.

Nov. 23, 1994.

Vicki Miles–LaGrange, U.S. Atty., and Leslie M. Maye, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff/appellee.

Ronald E. Schwartz, Cincinnati, OH, and Wilford A. Anderson, Houston, TX, for defendant/appellant.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Defendant–Appellant brings this direct criminal appeal pursuant to 18 U.S.C. § 3742(a) to challenge his sentence of 120 months in prison.[1] The defendant argues that the district court erred (1) in calculating the drug quantity for sentencing purposes and (2) by imposing a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). For the reasons set forth below, we AFFIRM the judgment of the district court.

## BACKGROUND

The defendant Raymond Reyes was arrested after agreeing to sell three kilograms of cocaine to two former customers, who were then acting as government informants, in a controlled transaction monitored by agents of the Drug Enforcement Agency ("DEA") and officers of the Oklahoma City Police Department ("OCPD"). After negotiating this sale in a series of DEA-monitored telephone calls, the defendant met the two informants, Marco Patton and William Parsons, at a hotel in Oklahoma City to finalize the transaction. There the defendant was arrested, in possession of approximately 1,270 grams of cocaine on his person and 1,800 grams of cocaine in his vehicle. The defendant was charged by information and pled guilty to one count of "unlawfully possess[ing] with intent to distribute approximately three (3) kilos of cocaine, a schedule II controlled substance," in violation of 21 U.S.C. § 841(a)(1). Appellant's App. at 2.

At sentencing, the district court found by a preponderance of the evidence that, by including transactions during the seven-month period before the defendant's arrest, the defendant had actually been involved in supplying Patton and Parsons with over five kilograms of cocaine. Using this aggregate quantity for sentencing purposes under the relevant conduct provision of the United States Sentencing Guidelines ("U.S.S.G."), U.S.S.G. § 1B1.3, and using the base offense level for conduct involving at least five kilograms of cocaine, U.S.S.G. § 2D1.1(c)(6), the district court arrived at a sentencing range of 108 to 135 months in prison.[2]

The district court sentenced the defendant to a 108–month term. The government's attorney, however, advised the district court that a section 841(a) offense based on at least five kilograms carries a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)—a statutory minimum that was noted in the defendant's plea agreement and petition to enter a plea, Appellee's App., at 1, 9. The court therefore modified its sentence to 120 months.

The defendant timely appealed this sentence, arguing that: (1) there was insufficient

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. More specifically, U.S.S.G. § 2D1.1(c)(6) sets the base offense level for offenses with at least five kilograms of cocaine at 32. The court then increased two levels for possessing a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), and decreased three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, arriving at a total offense level of 31. This offense level, along with the defendant's criminal history category of I, carries a 108 to 135–month sentence.

**1150**

evidence to support the district court's finding of at least five kilograms of cocaine for sentencing purposes; and (2) the district court erred in applying the ten-year minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A).

## ANALYSIS

### I. *Sufficiency of the Evidence Concerning Drug Quantity.*

We review the district court's factual determination of drug quantities for sentencing purposes under a clearly erroneous standard. *United States v. Coleman,* 947 F.2d 1424, 1427 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992). At sentencing, the government bears the burden of proving the amount of drugs involved in the offense and relevant conduct by a preponderance of the evidence. *United States v. Easterling,* 921 F.2d 1073, 1077 (10th Cir.1990), *cert. denied,* 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). Evidence of that amount must possess a "minimum indicia of reliability." *Coleman,* 947 F.2d at 1428; *see* U.S.S.G. § 6A1.3(a).

In the presentence report, the probation officer concluded that the defendant was responsible for distributing over ten kilograms of cocaine, when aggregating quantities from the offense of conviction and related transactions. Appellant's App. at 9. The defendant objected to the quantities in excess of the three kilograms in the charge to which he pled. *Id.* at 18. The district court therefore held a hearing to resolve this factual dispute.

At the hearing, the district court heard arguments from both parties, along with testimony from OCPD Officer Timothy Nelson ("Nelson"). Nelson aided in arresting Patton and Parsons, assisted the DEA in setting up the controlled purchase from the defendant, and arrested the defendant after the controlled purchase took place. *Id.* at 29–30. Based on Nelson's testimony and the probation officer's investigation, the district court denied the defendant's objection, *id.* at 41, and adopted the quantity findings in the presentence report, *id.* at 6.

Accordingly, the district court applied U.S.S.G. § 2D1.1(c)(6) to set the base offense level. Because this provision applies to conduct involving cocaine quantities of "[a]t least 5 [kilograms] but less than 15 [kilograms]", however, we need only find sufficient evidence of "at least five kilograms" to affirm the sentencing range imposed. Giving due deference to the district court's factual and credibility determinations, we find that its aggregation of (1) the three kilograms involved in the offense of conviction, which has remained undisputed throughout, and (2) at least five additional kilograms from the defendant's related conduct, was not clearly erroneous. We therefore AFFIRM the court's application of U.S.S.G. § 2D1.1(c)(6).

### II. *Mandatory Minimum Under 21 U.S.C. § 841.*

The defendant also argues that even if a preponderance of the evidence supports the finding of at least five kilograms of cocaine for sentencing, the district court should only have used that quantity to set the sentencing range under the Guidelines, not to invoke the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(A). The defendant argues that only the three-kilogram quantity alleged in his original information may be used to determine the statutory minimum sentence. Under 21 U.S.C. § 841(b)(1)(B), a conviction of three kilograms (without a prior conviction) sets a mandatory minimum of five years. Thus, the defendant contends that the district court erred in using the ten-year minimum in 21 U.S.C. § 841(b)(1)(A) for quantities of at least five kilograms, based on the total quantity calculated during the sentencing phase, to modify his sentence upwards from 108 to 120 months.

As a preliminary matter, we note that the defendant may not have properly preserved this objection for review. *See United States v. Saucedo,* 950 F.2d 1508, 1511 (10th Cir. 1991), *disapproved on other grounds,* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). At sentencing, when the assistant district attorney requested the court to apply the ten-year minimum, the court asked the defendant's counsel, "do you agree with that?" Appellant's App. at 47. Counsel re-

sponded, "No, Your Honor, I prefer the [initial 108–month] sentence that the court imposed." *Id.* It is questionable whether this statement of preference constitutes an "objection" sufficient to preserve this issue for review. However, even giving the defendant the benefit of the doubt on this threshold matter, we still find against him on the merits of his claim.

We recognize that the Second Circuit has adopted the position that the defendant urges here today. *United States v. Darmand,* 3 F.3d 1578, 1581 (2d Cir.1993) ("[T]he district court erred in concluding that it should include the cocaine from the [unconvicted] episode not only as related conduct relevant to the base offense level for the [convicted] episode, but also in determining whether the mandatory minimum for the [convicted] offense applied."). However, Tenth Circuit law is to the contrary.

In *United States v. Jenkins,* we made a clear distinction between 21 U.S.C. § 841(a), which simply defines the prohibited conduct for which the defendant was charged, and 21 U.S.C. § 841(b), which defines the penalty to be imposed at the sentencing phase. 866 F.2d 331, 334 (10th Cir.1989). We held that the drug quantity which invokes the various statutory minimums in section 841(b) "is *not* an element of the substantive offense upon which the charge is based," but rather is "a sentencing provision independent of the substantive charges to which it applies." *Id.* (emphasis added). Thus, because the quantities in section 841(b) are "applicable only to sentencing," *id.* at 334–35, any quantity term in an information or indictment, or a specific quantity proven at a trial, does not dictate the mandatory minimum that the court is required to impose. *See United States v. Short,* 947 F.2d 1445, 1458–59 (10th Cir.1991) (upholding a sentencing judge's use of drug quantity calculations in a presentence report to determine if the mandatory minimum sentence in section 841(b)(1)(A) controlled), *cert. denied,* —— U.S. ——, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992).

Using this reasoning, this court has held that when an indictment alleges *no* quantity term, sentencing courts are still bound to apply a statutory minimum after determining a drug quantity at the sentencing phase. *United States v. Morehead,* 959 F.2d 1489, 1510–12 (10th Cir.), *aff'd on reh'g,* 971 F.2d 1461 (1992); *United States v. McCann,* 940 F.2d 1352, 1357–58 (10th Cir.1991). In that context, we reasoned that

the sentencing guidelines require the district court to consider *all* relevant chemicals in sentencing, not just those chemicals charged in the indictment. Thus, the imposition of a mandatory minimum sentence under the guidelines cannot be eliminated from the court's consideration simply because a specific amount of drugs was not alleged in the indictment.

*McCann,* 940 F.2d at 1358.

This reasoning compels us to reject the defendant's argument as well. Because the mandatory minimum sentences in section 841(b) are "independent of the substantive charges to which [they] appl[y]," *Jenkins,* 866 F.2d at 334, and because the district court properly found the existence of at least five kilograms of cocaine at sentencing, application of the ten-year mandatory minimum sentence in section 841(b)(1)(A) was appropriate. Contrary to the defendant's argument, when an indictment or information alleges that a particular quantity is involved, the impact on sentencing is simply to put the defendant on notice that the enhanced penalty provisions of section 841(b) may apply; the particular quantity specified can have no further legal effect because "it is not an element of the substantive offense upon which the charge is based." *Id.* Because the defendant received notice of the ten-year mandatory minimum in his plea agreement, we AFFIRM the 120–month sentence that the district court imposed.

The mandate shall issue forthwith.