UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 3/18/96**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RAYMOND REYES,

        Defendant - Appellant.

No. 95-6224

(D.C. No. CIV-95-258-W)

(W. D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In December 1991, Defendant Raymond Reyes was arrested for unlawful

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distribution of approximately 1,270 grams of cocaine. Corresponding to his arrest, Oklahoma law enforcement officials seized approximately $455 cash, an OKI cellular phone, and a 1987 Chevrolet Cavalier. On March 11, 1992, Defendant was personally served with a Notice of Seizure regarding the cellular phone and cash. Defendant failed to respond, and a default judgment was entered by an Oklahoma state court for the $455 on June 22, 1992. An Order Nunc Pro Tunc was entered by an Oklahoma state court on June 30, 1992, to include the cellular phone with the $455 in the default judgment.

On October 28, 1992, Defendant was personally served with a Notice of Seizure regarding the 1987 Chevrolet Cavalier. A default judgment was entered by an Oklahoma state court against Defendant in regard to the 1987 Chevrolet Cavalier on December 22, 1992.

Pursuant to a plea agreement, on January 26, 1993, Defendant entered a plea of guilty to intent to distribute approximately three kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced to 120 months incarceration, followed by a term of supervised release of three years and payment of a $50 special assessment. Defendant appealed that sentence, which we affirmed in United States v. Reyes, 40 F.3d 1148 (10th Cir. 1994).

Defendant, acting pro se, filed this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging a violation of due process because of ineffective assistance of counsel. The district court denied Defendant's motion. In his brief on appeal, Defendant raises a new issue that his sentence violates the double jeopardy clause.

We liberally construe pro se pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). To succeed on his ineffective assistance of counsel claim, Defendant must show (1) that his counsel's assistance was not within the range of competence demanded of counsel in criminal cases, and (2) that there is a reasonable probability that without the errors as claimed, the Defendant would have insisted on proceeding to trial rather than pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Defendant asserts that his counsel fell below an objective standard of reasonableness because his attorney: (1) failed to object that Defendant never met two government informants used by the government against him; (2) failed to subpoena the phone records of the government informants; (3) failed to argue that Defendant could not

3

conspire with government agents; (4) failed to argue that Defendant never reached for his gun; and (5) failed to argue that Defendant played a minor role.

Defendant incorrectly alleges that his counsel failed to object that Defendant had never met the two government informants. In fact, in the presentencing report Defendant's counsel objected to the inclusion of the statements attributed to the government informants, stating, "The Defendant denies delivering the drugs described by these two individuals . . . ." [R., vol. I, no. 10 (Defendant's Objections to the Presentence Investigation Report, ¶ 3)]. Therefore, this argument is without merit.

Next, Defendant asserts that his counsel should have subpoenaed the phone records of the government informants. The phone records of the government informants are of dubious relevance because the informants could have used any phone in setting up the drug transaction.

Defendant contends that his counsel should have argued that he could not have co-conspired with a secret government agent. Defendant pled guilty to possession of cocaine with intent to distribute; he never entered a plea to a conspiracy. Thus, this argument has no merit.

Defendant's next two arguments concern his sentencing. Defendant failed to make these arguments in his direct appeal, yet we consider them in light of Defendant's ineffective-assistance-of-counsel claim. Defendant received a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Defendant claims that his counsel should have argued that Defendant did not reach for his gun. The testimony at sentencing showed that Defendant had a handgun in his pants pocket at the time he made delivery of the cocaine; Defendant's personal possession of the firearm is what triggers § 2D1.1(b)(1), not whether he reached for the gun. Thus, the failure of Defendant's counsel to make this argument was within the objective standard of reasonableness.

Finally, Defendant claims his counsel should have argued that Defendant was entitled to a sentence reduction under U.S.S.G. § 3B1.2 for playing a minor/minimal role in the drug transaction. The sentencing testimony showed that Defendant negotiated the drug deal in taped telephone conversations with government informants, that he entered a hotel room with approximately one kilogram of cocaine and a loaded .38 caliber revolver, and that an additional two kilograms of cocaine were concealed in the side panels of his car parked outside the hotel room. Government informants also stated that they had previous drug transactions with Defendant. Defendant's counsel was reasonable in failing to make a § 3B1.2 argument because the sentencing testimony plainly showed that Defendant did not merit a reduction under § 3B1.2.

5

Defendant failed to show that his counsel's assistance was outside the range of competence demanded of counsel in criminal cases. Furthermore, Defendant has failed to show how the alleged deficiencies of his counsel would have altered his decision to plead guilty. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. denied, 115 S. Ct. 2591 (1995). Even if the assistance of Defendant's counsel fell below an objective standard of reasonableness, he has not shown that he suffered any resulting prejudice.

On appeal, Defendant argues he has received multiple punishments for the same offense in violation of the double jeopardy clause. He argues that civil forfeiture is "punishment" for purposes of the double jeopardy clause and that he could not be sentenced to prison after being punished for the same crime through the civil forfeiture. Thus, he asserts his sentence should be vacated because he was punished through the civil forfeiture before being sentenced.

Defendant failed to raise this issue with the district court in his § 2255 motion. Although we liberally construe pro se pleadings, a pro se party "must follow the same rules of procedure that govern other litigants." Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994). We decline to address this issue because there is no district court finding from which to appeal and no record on this issue for our review. See United States v. Edwards, 69 F.3d 419, 427 n.5 (10th Cir.

1995).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge
