**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 98-1344

FERNANDO SANTOS,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 98-CR-136-M)

---

Submitted on the briefs:

Linda A. McMahan, United States Attorney, and Sean Connelly, Attorney, U.S. Department of Justice, Denver, Colorado, for Plaintiff-Appellee.

Michael G. Katz, Federal Public Defender, and Jill M. Wichlens, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

**TACHA** , Circuit Judge.

---

This appeal [1] raises an important issue with respect to the sentencing scheme established for drug cases in 21 U.S.C. § 841(b), which ties mandatory minimum and maximum sentences to benchmark quantities of various illegal substances. Specifically, we must determine whether these sentencing provisions are governed solely by the drug amounts involved in the offense of conviction, or whether other drug quantities, which would qualify as "relevant conduct" for calculating the sentencing range under the United States Sentencing Guidelines, see U.S.S.G. § 1B1.3, may be included in an aggregate to trigger the statutory directives. We consider this legal question de novo. [2] See United States v. Myers, 106 F.3d 936, 941 (10th Cir. 1997). For the reasons explained below, we depart from a prior decision of this circuit and follow the overwhelming weight of authority elsewhere to hold that the Guideline principle of relevant conduct, which plays a

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] The parties jointly urge us to reverse the sentence under review. However, our analysis is not constrained by the government's acquiescence in defendant's position. See United States v. Furman, 112 F.3d 435, 438 n.2 (10th Cir. 1997) ("reversal of a district court's order requires our examination of the merits of the case, thereby invoking our judicial function[;]" hence, "[p]arties cannot compel us to reverse (or modify) a district court's determination by stipulation" (quotation omitted)). Ultimately we agree reversal is required, but we arrive at that conclusion based on our independent assessment of the merits. See id.

significant role in calculations within the Guideline scheme, does not govern the overarching sentencing directives established by Congress in § 841(b). [3]

# I.

The pertinent facts are not in dispute. Defendant Fernando Santos was indicted for trafficking in heroin on four separate occasions, involving 25, 25, 49.8, and 74.92 grams. He pleaded guilty to one count of distributing 25 grams, in exchange for the dismissal of the remaining counts and the government's promise not to oppose a sentence at the lowest end of the applicable Guideline range. The plea agreement specifically referred to § 841(b)(1)(C), which applies to offenses involving less than 100 grams of heroin, and consistent therewith noted a twenty-year maximum, but no mandatory minimum, sentence. No reference was made to § 841(b)(1)(B), which specifies minimum and maximum sentences of five and forty years, respectively, for offenses involving at least 100 grams of heroin.

The agreement also calculated the anticipated sentencing range under the Guidelines. From the cumulative amount of heroin seized in the four transactions cited in the indictment (stipulated as relevant conduct under U.S.S.G. § 1B1.3),

---

[3]     We have circulated this opinion to the en banc court, which has concurred in our holding. See, e.g., Hale v. United States Dep't of Justice, 2 F.3d 1055, 1058 n.2 (10th Cir. 1993).

the agreement assumed a base offense level of 26, which was reduced by three points for defendant's acceptance of responsibility. Under the pertinent criminal history category, the result was a range of fifty-seven to seventy-one months. Again, there was no mention of any statutory minimum sentence affecting this Guideline range.

In the course of defendant's plea hearing, the government introduced the idea of using the relevant-conduct quantity to invoke the five-year mandatory minimum sentence in § 841(b)(1)(B). Defense counsel argued that this aggregate of both offense and collateral conduct was relevant only to the Guideline calculations for which it had been developed, and that the statutory sentencing directives turn solely on the violation underlying the conviction. The district court left the matter undecided pending preparation of the presentence report, and defendant stood on his plea.

At sentencing, defense counsel preserved his objection to the consideration of collateral drug quantities for purposes of the mandatory minimum sentence in § 841(b)(1)(B). Counsel conceded that Tenth Circuit law, i.e., United States v. Reyes, 40 F.3d 1148, 1150-51 (10th Cir. 1994), sanctioned the procedure, but noted the conflict between our circuit and others on this point. Invoking its fidelity to this circuit's precedent, the district court held that the statutory minimum applied, leaving a sentencing range of sixty to seventy-one months.

The court then imposed a sixty-month sentence, stating its understanding that this was the lowest sentence it could impose in accord with Reyes.[4] Defendant appealed, challenging only the application of the statutory minimum sentence.

**II.**

All other circuits to decide the issue have held that the drug quantities triggering the mandatory sentences prescribed in § 841(b) are determined exclusively by reference to the offense of conviction. Guideline constructs such as relevant conduct, which permit broad-ranging consideration of collateral matters, are limited to their designed role in Guideline-range calculations and do not affect the independent determination of the statutory sentencing directives. See, e.g., United States v. Rettelle, 165 F.3d 489, 491 (6th Cir. 1999) (following United States v. Winston, 37 F.3d 235, 241 (6th Cir. 1994)); United States v. Barnes, 158 F.3d 662, 669 (2d Cir. 1998) (following United States v. Darmand, 3 F.3d 1578, 1581 (2d Cir. 1993)); United States v. Rodriguez, 67 F.3d 1312, 1324 (7th Cir. 1995); United States v. Estrada, 42 F.3d 228, 232 n.4 (4th Cir. 1994).

---

[4] We emphasize the district court's express intent to impose a sentence at the bottom of the applicable range, as opposed to a sixty-month sentence per se, because had the court instead "ma[de] it clear during the sentencing proceeding that the sentence would be the same under either of the [disputed] Guideline ranges," the issue raised here would be moot. United States v. Mondaine, 956 F.2d 939, 943 (10th Cir. 1992) (quotation omitted); see also United States v. Urbanek, 930 F.2d 1512, 1515-16 (10th Cir. 1991).

Before we discuss the particular circumstances and contrary holding of Reyes, it is helpful to set out the rationale for the approach reflected in these cases.

The majority approach rests on the plain language of the statute. Those subsections of § 841(b) which establish mandatory sentences for various drug amounts do so by reference solely to the offense of conviction: "In the case of *a violation* of subsection (a) of this section *involving* [a specified drug quantity] . . . such person shall be sentenced [as prescribed]." § 841(b)(1)(A), (B) (emphasis added). Nothing here suggests consideration of drug quantities collateral to the underlying § 841(a) violation. [5] See Darmand, 3 F.3d at 1581 ("reason[ing] from the language of § 841(b)(1)" to conclude mandatory minimum sentence depends on "quantity involved in the charged, and proven, violation of § 841(a)"); see also Winston, 37 F.3d at 240-41 ("It is obvious from the statute's face–from its use of the phrase 'a violation'–that [§ 841(b)] refers to a single violation [of § 841(a)]" as opposed to aggregate approach used by Guidelines).

From this specific premise, the rest of the analysis follows general principles to which this court already adheres. When the controlling statutory language is plain, Guideline rules may not modify its import. See United States

---

[5] Of course, distinct drug quantities *are* aggregated under § 841(b) *when they are encompassed within a single violation of § 841(a)*, as in conspiracy cases. See, e.g., United States v. Walker, 160 F.3d 1078, 1093-94 (6th Cir. 1998); United States v. Lewis, 110 F.3d 417, 422-23 (7th Cir. 1997).

v. Allen, 16 F.3d 377, 379 (10th Cir. 1994) ("We have repeatedly recognized the obvious rule that statutes trump the guidelines when the two conflict."    ); see also United States v. Novey, 78 F.3d 1483, 1486 (10th Cir. 1996) ("[T]he Sentencing Commission does not have the authority to override or amend a statute."). Indeed, we have specifically refused to enforce an unwarranted congruence between the language of § 841 and related Guideline principles regarding the calculation of drug amounts.    See, e.g., United States v. Richards, 87 F.3d 1152, 1157 (10th Cir. 1996) ("[The] plain meaning interpretation of 'mixture or substance' governs the . . . statutory mandatory minimum sentence under        § 841, even where the Sentencing Commission adopts a conflicting definition in the sentencing guidelines.");    see also Neal v. United States, 516 U.S. 284, 291, 294 (1996) (noting § 841(b)(1)'s mandatory sentences "are both structurally and functionally at odds with sentencing guidelines" and holding Sentencing Commission "has no authority to override the statute") (quotation omitted). Thus, if § 841(b) does not endorse a relevant-conduct concept, the Guidelines cannot provide a basis for forcing the concept into the statute.

In sum, a plain reading of the language used to specify the operative drug quantities in the mandatory sentencing provisions of       § 841(b), divorced from the principle of relevant conduct developed for other purposes in the Guidelines, indicates that the statutory directives are exclusively a function of the quantities

-7-

involved in the offense of conviction. We turn now to this court's contrary decision in Reyes.

**III**.

In Reyes, the defendant pleaded guilty to one count of possessing with intent to distribute approximately three kilograms of cocaine. See 40 F.3d at 1149. At sentencing, however, the district court found that the defendant had participated in additional transactions totaling over five kilograms, and used this aggregate quantity as relevant conduct in calculating the applicable Guideline sentencing range of 108 to 135 months. See id. The court initially imposed a sentence of 108 months, but, after the government argued that § 841(b)(1)(A) set a mandatory minimum sentence of ten years for offenses involving at least five kilograms of cocaine, the court increased the sentence to 120 months. See id. The defendant appealed, challenging *inter alia* use of the relevant-conduct quantity to invoke the mandatory ten-year sentence in § 841(b)(1)(A). See id. at 1149-50. We affirmed the district court on this point. See id. at 1150-51.

Actually, the dispute over application of § 841(b)(1)(A) in Reyes had two analytically distinct facets: the relevant-conduct issue raised here, having to do with which drug transaction(s) may be considered under § 841(b), and the very different contention that in applying § 841(b) to *any* transaction, the sentencing court is bound by the drug quantities specified in the charging document, see id.

at 1150-51. The court thoroughly rejected the latter limitation, reasoning from the established premise that § 841(b) does not create substantive elements of the offense but, rather, sets out independent sentencing criteria. See id. at 1151. As such, the drug amounts specified in the statute are "applicable only to sentencing" and, thus, "any quantity term in an information or indictment, or a specific quantity proven at a trial, does not dictate the mandatory minimum [under § 841(b)]." Id.

However, that holding, and the rationale supporting it, does not encompass or entail any resolution of the separate relevant-conduct question, to which the Reyes opinion never explicitly returned. See id. In the end, the court affirmed the mandatory minimum sentence under § 841(b), based on relevant-conduct quantities not involved in the offense of conviction, without addressing the critical issue of statutory interpretation which has led so many other circuits to reject such an approach. As a result, nothing in Reyes, besides this tacit holding itself, constrains our present reconsideration of the matter.

Accordingly, for the reasons already outlined in part II above, we now adopt the uniform approach of our sister circuits and hold that the mandatory sentencing directives in § 841(b) are governed solely by the drug quantities involved in the offense of conviction for which sentence is imposed. Of course, consistent with Reyes' distinct holding that guilt-phase proceedings are not

binding on § 841(b) sentencing matters, which we reaffirm today, such quantities are subject to determination at sentencing independently of any amounts specified in the charging document or evidenced at trial.

The judgment of the United States District Court for the District of Colorado is REVERSED, and the cause is REMANDED for resentencing consistent with this opinion.