**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

TERRY CHANCEY,

      Defendant-Appellant.

No. 99-6347
(D.C. No. CR-98-166-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Defendant-Appellant Terry Chancey appeals from his conviction, upon a

plea of guilty, of distribution of one-quarter ounce of methamphetamine, 21

U.S.C. § 841(a)(1). He was sentenced to 168 months imprisonment and five years

supervised release. On appeal, he argues that the district court erred (1) in

applying an obstruction of justice enhancement, USSG § 3C1.1, because the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

obstructive conduct did not relate to the count of conviction, (2) in denying a reduction for acceptance of responsibility, USSG § 3E1.1, based upon subsequent criminal conduct unrelated to the count of conviction. He also contends that (3) he is not subject to a statutory mandatory minimum sentence based upon "relevant conduct" given United States v. Santos, 195 F.3d 549 (10th Cir. 1999), decided during the pendency of his appeal. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

The parties are familiar with the facts and we need not restate them here. Mr. Chancey withdrew his objection to the obstruction of justice enhancement and did not object to the presentence report's lack of an adjustment for acceptance of responsibility. 3 R. 2-6 (8/31/1999 Sentencing Tr.). Despite his characterization of these matters as legal warranting a plain error review, both of these issues involve factual determinations not subject to plain error review. See United States v. Svacina, 137 F.3d 1179, 1187 (10th Cir. 1998). Suffice it to say that a district court may consider obstructive conduct (occurring during the investigation and prosecution of the offense of conviction) that is designed to conceal relevant conduct. See USSG § 3C1.1, n.1; Supp. to App. C, amend. 581 (1998). Likewise, a district court may premise the denial of an acceptance of responsibility adjustment based upon post-offense criminal conduct, related or unrelated to the offense of conviction. See United States v. Prince, 204 F.3d

1021, 1023-24 (10th Cir.), cert. denied, 2000 WL 419979 (U.S. May 15, 2000).

In light of the above disposition, and that Mr. Chancey was sentenced based upon a stipulated drug quantity that resulted in a sentence in excess of a ten-year mandatory minimum, Santos does not assist him.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge