**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENCH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CARLESS JONES,

      Defendant - Appellant.

Nos. 97-1377 and 97-1463

## OPINION ON REMAND

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 97-CR-138-S)**

Jill M. Wichlens, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant - Appellant.

Thomas L. Strickland, U.S. Attorney (Sean Connelly, John M. Hutchins and Gregory H. Rhodes, Assistant U.S. Attorneys, with him on the briefs), Denver, Colorado, for Plaintiff - Appellee.

Before **BALDOCK**, **EBEL** and **LUCERO**, Circuit Judges.

**LUCERO**, Circuit Judge.

This case is before us on remand. See Jones v. United States, 120 S. Ct. 2739 (2000) ("Carless Jones II"). When this case came before us initially, we considered the question of whether the Fifth and Sixth Amendments to the United States Constitution require the quantity of drugs involved in an offense of conviction under 21 U.S.C. § 841 to be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt for a defendant to be exposed to an increased maximum statutory punishment on the basis of that drug quantity. Expressly declining to upset our established precedent in response to the mere "suggest[ion]" in Jones v. United States, 526 U.S. 227, 243 n.6 (1999) ("Nathaniel Jones"), of such a constitutional requirement, we answered that question in the negative. See Jones v. United States, 194 F.3d 1178, 1183-86 (10th Cir. 1999) ("Carless Jones I"). The constitutional principle suggested by Nathaniel Jones has since been explicitly adopted by the Supreme Court in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

We have sought supplemental briefing and heard oral argument by the parties in light of the Supreme Court's decision in Apprendi, and with the benefit of the analyses of those of our sister Circuits that have addressed the issue,[1] we

_____

[1] See, e.g., United States v. Angle, 230 F.3d 113, 123 (4th Cir. 2000) (applying Apprendi to a prosecution under 21 U.S.C. § 841 and holding that drug quantity must be presented to a jury and proven beyond a reasonable doubt to impose a sentence greater than the twenty-year maximum authorized by 21 U.S.C.

(continued...)

-2-

conclude that <u>Apprendi</u> compels us to vacate Jones's sentence and remand to the district court for resentencing.

**I**

In 1997, a grand jury returned the following two-count indictment against Jones:

<u>Count I</u>

On or about March 27, 1997, in the District of Colorado, the defendant, **CARLESS JONES**, did knowingly and intentionally distribute cocaine base (crack), a controlled substance listed in Schedule II, Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

<u>Count II</u>

On or about April 1, 1997, in the District of Colorado, the defendant, **CARLESS JONES**, did knowingly and intentionally possess with intent to distribute cocaine base (crack), a controlled substance listed in Schedule II, Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

---

[1] (...continued)
§ 841(b)(1)(C)); <u>United States v. Doggett</u>, 230 F.3d 160, 164-65 (5th Cir. 2000) (same); <u>United States v. Page</u>, Nos. 99-5361, 99-5449, 99-5451, 99-5456, 2000 WL 1682523, at *6 (6th Cir. Nov. 9, 2000) (same); <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 933-34 (8th Cir. 2000) (same); <u>United States v. Nordby</u>, 225 F.3d 1053, 1059 (9th Cir. 2000) (same); <u>United States v. Rogers</u>, 228 F.3d 1318, 1327 (11th Cir. 2000) (same).

(I R. Doc. 3.)[2]  The indictment did not allege the amount of cocaine base involved in either count.  Section 841(b)(1)(C), under which Jones was charged, defines penalties for offenses involving cocaine base without reference to drug quantity and authorizes a maximum term of imprisonment of twenty years for those who have not previously been convicted of a felony drug offense.[3]

At trial, the government presented evidence in support of the charges. With respect to the distribution charge, police officers testified Jones sold cocaine base to an informant during a transaction monitored by police.  As to the possession with intent to distribute charge, officers testified that a few days after the controlled buy police conducted a search of an apartment believed to be Jones's residence and seized cocaine base as well as incriminating evidence of drug manufacture and distribution.  The jury found Jones guilty of both counts.

At sentencing, the court concluded that the amount of cocaine base involved in the two offenses was 165.5 grams and that Jones should be sentenced under 21 U.S.C. § 841(b)(1)(A), which authorizes a maximum term of life imprisonment for offenses based on fifty grams or more of cocaine base.  That quantity dictated a base offense level of 34 under the United States Sentencing

---

[2]  The district court dismissed the charges brought pursuant to 18 U.S.C. § 2 before submitting the case to the jury.

[3]  Because Jones had no prior felony drug offenses, he was not eligible for a sentence enhancement on that basis.

Guidelines. See U.S.S.G. § 2D1.1(c)(3). After various adjustments, the court calculated an offense level of 38 and a criminal history category of III, resulting in a sentencing range of 292 to 365 months. Jones was sentenced to concurrent terms of 360 months imprisonment and five years supervised release on each count.

In his objection to the presentence report, during the sentencing hearing, and in his opening and reply briefs on appeal, Jones argued his sentence was invalid because both counts of the indictment charged that his acts were in violation of, inter alia, 21 U.S.C. § 841(b)(1)(C), and the sentence he received exceeded the maximum penalty of twenty years permitted under that section. Subsequent to oral argument in Carless Jones I, the Supreme Court handed down its decision in Nathaniel Jones, and we directed the parties to submit supplemental briefs addressing the impact of that opinion on Jones's sentencing argument. Conceding "the government presented sufficient evidence to prove beyond a reasonable doubt that the alleged offenses involved at least 5 grams of cocaine base," Jones nonetheless argued he could not be sentenced in excess of twenty years on any single count because "the 5-gram amount was neither charged in the indictment nor submitted to the jury." (Appellant's Supp. Br. at 2.)

We rejected that argument. See Carless Jones I, 194 F.3d at 1183-86. Our precedent at the time interpreted § 841(a) as setting forth the elements of the substantive offenses of which Jones was convicted and § 841(b)(1) as setting forth applicable sentencing ranges based on factors such as the quantity of drugs involved. See id. at 1183-84. Because § 841(b)(1) was viewed as a sentencing provision independent of the substantive offense to which it applies and because the finding of facts relevant to sentencing is within the exclusive province of the sentencing judge, we held that "any quantity term in an information or indictment, or a specific quantity proven at trial, does not dictate the statutory sentencing directive that applies, be it a permitted maximum, mandatory minimum, or both." Id. at 1183-84. We also rejected the argument that Nathaniel Jones dictated a different result. Although we recognized that case "opens the door to the question of whether § 841's unambiguous classification of quantity as a sentencing factor violates the Fifth and Sixth Amendments," we concluded Nathaniel Jones did not resolve that question. Id. at 1186. Abiding by the doctrine that "[w]e are bound by the precedents of prior panels [of this Court] absent en banc reconsideration or a superseding contrary decision by the Supreme Court," we declined to speculate as to what the proper answer might be. Id. (quoting In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam)).

**II**

At issue in <u>Apprendi</u> was the constitutionality of a New Jersey hate crime law providing that a crime was punishable by an extended term of imprisonment if the trial judge found, by a preponderance of the evidence, that the crime was racially motivated. <u>See</u> 120 S. Ct. at 2351. Under the New Jersey statute, such a finding meant that a crime otherwise punishable by a term of five to ten years was punishable by a term of ten to twenty years. <u>See id.</u> The Court framed the question presented as "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." <u>Id.</u>

<u>Apprendi</u> enunciates the following rule of constitutional law: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 2362-63. Applying that rule, the Court struck down the New Jersey statutory scheme authorizing a judge to impose a punishment greater than that otherwise permitted by the jury's verdict

based on the judge's finding, by a preponderance of the evidence, of a racial motivation for the crime.

While Apprendi involved the constitutionality of a state statute under the Fourteenth Amendment's Due Process Clause, its underlying constitutional principle—criminal defendants' right to a jury determination that they are guilty beyond a reasonable doubt of every element of the crime with which they are charged—is equally applicable to criminal proceedings in federal court.  See United States v. Gaudin, 515 U.S. 506, 510 (1995).  The rule derived from that principle thus applies to the statute and conviction at bar.  Griffith v. Kentucky, 479 U.S. 314, 328 (1987), mandates that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final."  Because Jones challenges his conviction and sentence on direct appeal, Griffith requires the application of Apprendi to the instant case.

## III

We review the legality of an appellant's sentence de novo.  See United States v. Price , 75 F.3d 1440, 1446 (10th Cir. 1996).  The district court sentenced Jones to a term in excess of the statutory maximum applicable to the offense alleged in the grand jury's indictment.  In Apprendi , 120 S. Ct.  at 2355 n.3, the Court expressly left open the question of     whether any fact that increases the

penalty for a crime beyond the prescribed statutory maximum, such as drug quantity under § 841(b), is an "essential element" of the offense that must be alleged in the indictment. We answer that question in the affirmative and conclude Jones's sentence impermissibly exceeded the statutory maximum term applicable to the offense charged by the grand jury. Furthermore, that error was not harmless.

A

Section 841 is the primary federal statute concerning the criminal use of controlled substances. Subsection (a), entitled "Unlawful acts," makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a), (a)(1). Subsection (b) establishes the penalties for violations of § 841(a). See 21 U.S.C. § 841(b). As applicable to this case, § 841(b)(1)(C) states that "[i]n the case of a controlled substance in schedule I or II, . . . except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more that 20 years." Subparagraphs (A) and (B) provide for enhanced sentences based on the quantity of controlled substance involved in the violation. For cocaine base, a Schedule II controlled substance, these subparagraphs prescribe a minimum of ten years and a maximum of life for fifty grams or more and a

minimum of five years and a maximum of forty years for five grams or more,

respectively.   See 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).    [4]

Although expressly reserving the issue for another day, Apprendi strongly

suggests that a given fact may not increase the penalty for a crime beyond the

prescribed statutory maximum unless it has been alleged in the indictment.[5]  At

the outset of its analysis, the Court endorses the view that "under the Due Process

Clause of the Fifth Amendment and the notice and jury trial guarantees of the

Sixth Amendment, any fact (other than prior conviction) that increases the

maximum penalty for a crime must be charged in an indictment, submitted to a

jury, and proven beyond a reasonable doubt."  Apprendi, 120 S. Ct. at 2355

(quoting Nathaniel Jones, 526 U.S. at 243 n.6) (emphasis added).  Then, while

---

[4] Subparagraph (D) by its terms does not apply to offenses involving cocaine base.  See 21 U.S.C. § 841(b)(1)(D).  Also inapplicable to this case are the provisions of subparagraphs (A), (B), and (C) that condition the applicable sentencing range on facts in addition to the quantity of controlled substances involved in the offense.  Those provisions authorize an increased sentence if death or serious bodily injury results from the unlawful act or if the unlawful act was committed after a prior conviction for a felony drug offense became final. See 21 U.S.C. § 841(b)(1)(A)-(C).  Our discussion of the applicable sentencing ranges thus assumes the absence of any factor relevant to sentencing under the statute other than quantity.

[5] In Apprendi, the petitioner challenged a state prosecution and thus did not raise the question of whether sentencing is constrained by facts alleged in the indictment.  See 120 S. Ct. at 2352, 2356 n.3.  Because the Fifth Amendment right to indictment by a grand jury has been held to extend only to prosecutions brought by the United States, not to those brought by a state, the Court did not address the issue.  See id. at 2356 n.3.

reviewing the common-law basis for the constitutional rule it announces, the Court asserts the historical evidence

> point[s] to a single, consistent conclusion:  The judge's role in sentencing is constrained at its outer limits <u>by the facts alleged in the indictment</u> and found by the jury.  Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition "elements" of a separate legal offense.

<u>Id.</u> at 2359 n.10 (emphasis added).  Imposing an enhanced penalty based on facts not alleged in the indictment would impermissibly allow a defendant to be sentenced "on a charge the grand jury never made against him."  <u>Stirone v. United States</u>, 361 U.S. 212, 219 (1960); <u>see also</u> <u>Russell v. United States</u>, 369 U.S. 749, 770 (1962) (holding that to permit defendants to "be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted [them]," would deprive them "of a basic protection which the guaranty of the intervention of the grand jury was designed to secure").

We conclude the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B).  A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt.  <u>See</u> <u>United States v. Kovach</u>, 208 F.3d 1215, 1218 (10th Cir.

2000) ("To pass constitutional muster, an indictment must contain all the essential elements of the charged offense.").

That rule represents a return to the holding of United States v. Crockett, 812 F.2d 626, 628-29 (10th Cir. 1987). Prior to the inception of the federal Sentencing Guidelines, Crockett established that drug quantity is an essential element of an offense under the enhanced penalty provisions of § 841(b)(1) that must be alleged in the indictment. See Crockett, 812 F.2d at 628-29. Crockett was later held inapplicable to post-Sentencing Guidelines cases by United States v. Ware, 897 F.2d 1538 (10th Cir. 1990), in which this Court upheld a sentence exceeding the statutory maximum under § 841(b)(1)(C) where the indictment did not allege the amount of drugs involved. Cf. United States v. McCann, 940 F.2d 1352, 1358 (10th Cir. 1991) ("[T]he . . . holding in Crockett, a pre-guideline case, is inapposite to post-guideline cases."). To the extent our post-Sentencing Guidelines cases departed from Crockett, see, e.g., United States v. Santos, 195 F.3d 549, 553 (10th Cir. 1999); United States v. Reyes, 40 F.3d 1148, 1150-51; United States v. Underwood, 982 F.2d 426, 429 (10th Cir. 1992); Ware, 897 F.2d at 1542-43; United States v. Jenkins, 866 F.2d 331, 333-34 (10th Cir. 1989), Apprendi strips them of their precedential value, see Weitz v. Lovelace Health Sys., 214 F.3d 1175, 1180 (10th Cir. 2000) ("In the case of an intervening Supreme Court ruling, a single panel is permitted to reconsider a previous Tenth

-12-

Circuit decision to the extent the new case law invalidates our previous analysis." (quoting Hurd v. Pittsburgh State Univ. , 109 F.3d 1540, 1542 (10th Cir. 1997))).

**B**

Applying the Crockett rule to the instant case, we conclude that the sentence imposed by the district court impermissibly exceeds the statutory maximum applicable to the offense alleged in the indictment. We note that Jones has not challenged the sufficiency of the indictment itself, but only the validity of his sentence. The government asserts, and Jones does not deny, that "the indictment indisputably stated an offense under 21 U.S.C. § 841(a)." (Appellee's Corrected Supp. Br. On Remand at 7.) The indictment also adequately alleged a violation of 21 U.S.C. § 841(b)(1)(C), and Jones's conviction under § 841(a) and (b)(1)(C) was sound. Rather, it is the sentence that was erroneous because it exceeded the statutory maximum for the offenses alleged in the indictment. In short, Jones was indicted and convicted of the offenses of distributing and possessing with intent to distribute an unspecified quantity of cocaine base, see 21 U.S.C. § 841(b)(1)(C), but sentenced for the different offenses of distributing and possessing with intent to distribute at least fifty grams of cocaine base, see 21 U.S.C. § 841(b)(1)(A)(iii). Thus, each of the two concurrent terms of 360 months imprisonment was erroneously imposed by the court below.

-13-

Although the government argues Jones's sentence should be reviewed only for plain error and does not require correction under that standard, it concedes "the error would not be harmless if defendant's claim were held to be properly preserved," and "the proper result would be for the Court to vacate the sentences and remand the case for resentencing." (Appellee's Corrected Supp. Br. On Remand at 14.) Because Jones argued both in his objections to the presentence report and at his sentencing hearing that his sentence exceeded the statutory maximum permitted by the indictment, he properly preserved the issue. Thus    , by the government's admission, Jones's erroneous thirty-year sentence is not harmless and requires reversal. See Fed. R. Crim. P. 52(a).

The government nonetheless contends Jones suffered no prejudice because his thirty-year sentence falls well below the upper limit of forty years imprisonment (i.e., twenty years on each count to run consecutively) to which he was exposed in the indictment. The government notes the district court demonstrated its desire to impose a total sentence of 360 months as recommended by the presentence report and could have achieved that result by imposing consecutive terms of ten and twenty years or partially concurrent twenty-year terms.

However, in Apprendi the Supreme Court rejects a similar argument, stating that the relevant inquiry is the constitutionality of the sentence imposed on each individual count charged in the indictment, irrespective of the potential total sentence achievable through the imposition of valid consecutive sentences. See 120 S. Ct. at 2354; cf. Price, 75 F.3d at 1446 (holding that where an erroneous twenty-year sentence runs concurrently with a valid life sentence, it is within the discretion of the court of appeals to address the error). We are concerned with the legality of the sentences actually imposed, regardless of whether in the aggregate they are less severe than the sentences that could have been imposed. We will not permit our result to be guided by idle speculation as to the sentence that might be imposed by the district court on remand.

This Circuit regularly has found reversible error when the sentence imposed by the district court exceeded the statutory maximum penalty applicable to the offense of conviction. See, e.g., United States v. Johnson, 4 F.3d 904, 918 (10th Cir. 1993); United States v. Wainwright, 938 F.2d 1096, 1098-99 (10th Cir. 1991). The district court in the instant case sentenced Jones outside the statutory range for the offenses set forth in the indictment: It imposed terms of imprisonment appropriate for offenses involving at least fifty grams of cocaine base, even though Jones had been indicted and convicted for committing distinct offenses involving an unspecified quantity of drugs. Because § 841(b)(1)(C) does

not permit sentences greater than twenty years for the offenses of conviction, the sentence imposed by the district court was not authorized by the jury's guilty verdict. Under our precedent, such unauthorized sentences warrant reversal. We therefore conclude that the error here was not harmless, and we remand with instructions that the district court vacate the sentences for distribution and for possession with intent to distribute, and that the district court resentence the defendant for those two convictions pursuant to § 841(b)(1)(C). See Price, 75 F.3d at 1446.

## IV

This matter is **REMANDED** to the district court for sentencing within the statutory range for the offenses of which Jones was convicted.

BALDOCK, Circuit Judge, concurs in the result only.