**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARNIE PORTER,

Defendant-Appellant.

No. 98-1199
(D.C. No. 96-CR-444-N)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Arnie Porter appeals his convictions for conspiracy to distribute cocaine/crack cocaine, mail fraud, distribution of cocaine, and two counts of distribution of crack cocaine, for which he received concurrent life sentences. His appointed attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved for leave to withdraw from the case. We grant counsel's motion to withdraw and affirm defendant's convictions and sentence.

Under Anders, "if [appellate] counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. This request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. In addition, "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." Id. The appellate court then "proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id.

Here, defendant has filed a pro se supplemental brief and an addendum to that brief raising the following issues: (1) the government violated 18 U.S.C. § 201(c)(2) by making promises to witnesses Washington and McDonald in exchange for their testimony; (2) the government denied defendant due process by knowingly eliciting perjured testimony from witnesses Washington and McDonald; (3) the district court erred in relying on perjured testimony regarding

-2-

the drug amounts and in assuming the cocaine was crack; (4) the district court erred in enhancing his sentence for being an organizer or leader of the conspiracy and for obstructing justice; (5) the district court erred in failing to reduce his sentence for acceptance of responsibility; (6) the evidence was not sufficient to convict him for mail fraud; (7) his Fifth and Sixth Amendment rights were violated by the testimony of a fellow prisoner regarding statements made by defendant; and (8) his due process rights were violated by his life sentence on the conspiracy count because the quantity and type of cocaine were elements of the offense which should have been determined by the jury beyond a reasonable doubt, citing Jones v. United States, 119 S. Ct. 1215 (1999). Each of these issues will be addressed.

Defendant's first issue is foreclosed by our en banc opinion in United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir.), cert. denied, 119 S. Ct. 2371 (1999), in which we held that 18 U.S.C. § 201(c)(2) "does not apply to the United States or an Assistant United States Attorney functioning within the official scope of the office." This decision leaves no room for argument on the issue.

Defendant's argument regarding the government's knowing use of perjured testimony is frivolous. His only basis for showing that the testimony was false and that the government knew of its falsity is that he could not have participated in cocaine sales in Pueblo in April 1995 because he was attending school in

Grand Junction during that period. Defendant's school enrollment did not foreclose his presence in Pueblo, however. In addition, witness McDonald only approximated the time that the Pueblo sales took place, stating it was "around April," and explaining that even when defendant was enrolled in school, he came home on weekends. R., Vol. 9 at 265, 297. There is no showing, therefore, that the witnesses' testimony was false or that the government knowingly presented false testimony.

The argument that the district court relied on perjured testimony to determine the quantity of drugs distributed during the conspiracy is also completely without merit. The court's factual findings as to drug quantities are reviewed for clear error. See United States v. Wacker, 72 F.3d 1453, 1477 (10th Cir. 1996), as modified on denial of reh'g. Here, contrary to defendant's allegations, the district court did not simply rely on witness McDonald's testimony regarding his trip to Chicago for a kilogram of cocaine, but also upon his testimony that defendant sold at least a half a kilogram of crack cocaine in Pueblo, and upon testimony by federal agent Thomasson that his investigation and interviews revealed that at least thirty-six kilograms of crack cocaine were distributed through defendant's network. See R., Vol. 9 at 267-68 (witness McDonald's estimate of crack cocaine sold in Pueblo); Vol. 12 at 33-37 (agent Thomasson's testimony regarding thirty-six kilograms); Vol. 15 at 6-8 (district

court's finding beyond a reasonable doubt that defendant distributed more than 1.5 kilograms).  Further, this testimony was corroborated in numerous respects, by the length of the conspiracy, the number of individuals working for defendant distributing crack cocaine, and the cross-corroborating witness interviews.

Moreover, there was no error in determining the substance distributed by defendant was crack cocaine rather than powder.  With the exception of one sale of cocaine powder, crack cocaine was the subject of all the controlled buys, the testimony by witnesses McDonald and Washington, and the information gathered by federal agents.  The evidence was overwhelming that defendant distributed crack cocaine, and his challenge to this finding is frivolous.

So too, defendant's challenges to the court's findings that he was an organizer or leader of the conspiracy, and that he obstructed justice, are specious. The evidence shows that defendant was the governor of the Gangster Disciples, a criminal organization through which he purchased and distributed cocaine, that he financed the initial startup of the distribution network through a fraudulent insurance claim, that he had at least ten people working for him cooking and distributing crack cocaine, and that he received a portion of all the proceeds from these sales.   See id.,Vol. 12 at 23-32 (Agent Thomasson); Vol. 14 at 141-42, 145-47 (Washington);   see also  Vol. 8 at 98-103, 105, 110-11, 114, 123-24 (Washington); Vol. 9 at 260-64, 268-70, 277, 285 (McDonald).  The evidence of

obstruction is equally as strong. Defendant was shown to have planned to kill a police officer in retaliation for executing a search of a Colorado Springs residence, including taking the concrete steps of obtaining a weapon and several cameras for counter surveillance. See id., Vol. 14 at 52-58. He was shown to have been involved in a second obstruction plot as well, soliciting a Pueblo County jailmate to kill witness Washington. See id. at 59-61, 84-85.

There is no merit to defendant's argument regarding the sufficiency of the evidence to support his mail fraud conviction. A defendant claiming insufficiency of the evidence faces "a high hurdle." United States v. Voss, 82 F.3d 1521, 1524 (10th Cir. 1996). Such a claim is reviewed de novo, asking "only whether, taking the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." Id. at 1524-25 (quotations omitted).

Here, in addition to testimony that defendant admitted filing a fraudulent insurance claim, there was evidence that the underlying accident was minor, that defendant admitted he was unemployed at that time, that he misrepresented the nature of an insurance form to the person he later alleged was his employer, and that he submitted a false lost wages claim through the mails for more than five

thousand dollars.    See R., Vol. 9 at 189-90, 213-19, 285; Vol. 12 at 30-31.  This is more than enough evidence to support the jury's guilty verdict.

Defendant's argument that it was error to make him choose between exercising his constitutional right to trial and receiving a two-point reduction for acceptance of responsibility is also frivolous.    See United States v. Davis  , 1 F.3d 1014, 1018 (10th Cir. 1993) (holding U.S. Sentencing Guideline § 3E1.1 did not unconstitutionally penalize exercise of right to trial);    United States v. Trujillo  , 906 F.2d 1456, 1461 (10th Cir. 1990) (holding denial of sentence reduction under § 3E1.1 did not impermissibly penalize exercise of constitutional rights). Although the commentary to § 3E1.1 states that the downward "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse," the commentary clarifies that "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." U.S. Sentencing Guidelines Manual § 3E1.1, commentary n.2.  Thus defendant's exercise of his right to trial was not unconstitutionally penalized.

Defendant also argues he should have been given the two-point reduction based on his treatment for cocaine addiction.  The district court's determination of acceptance of responsibility is a question of fact reviewed only for clear error.

See United States v. Janus Indus. , 48 F.3d 1548, 1560 (10th Cir. 1995). The guidelines caution that the sentencing judge's determination on this issue "is entitled to great deference." U.S. Sentencing Guidelines Manual § 3E1.1, commentary n.5. Here, defendant denied, and continues to deny, participating in the large scale cocaine distribution conspiracy for which he was convicted. Even now he refuses to admit his role in the distribution network, claiming instead that the witnesses lied and the prosecution suppressed evidence of his innocence. Far from admitting responsibility, defendant has taken extraordinary steps to impede the government's investigation and prosecution of these crimes, including two different schemes to murder an investigating law enforcement officer and a witness. There is no question, therefore, that the district court did not err in refusing to grant the two-point reduction for acceptance of responsibility.

Defendant's argument that the government violated his constitutional rights by placing witness Eddy in his jail living quarters is specious. Contrary to defendant's allegations, Agent Thomasson made it clear that although he was unsure exactly when witness Eddy contacted the government with his information, it was after Eddy and defendant had been placed in the same living quarters, and that Eddy contacted the government regarding defendant's plan to kill a witness on his own initiative. See R., Vol. 14 at 75-78. Eddy himself confirmed this, explaining that he had been returned to jail for violating his probation in March

1997, that there was no investigative purpose for his placement in defendant's living quarters, and that he initiated contact with the federal agents. See id. at 81-86. There is no evidence that Eddy was placed in defendant's living quarters by the government to elicit incriminating statements from defendant.

Similarly, the government's request that Eddy record further details of the plot to kill a witness did not violate defendant's Sixth Amendment right to counsel because Eddy was not a government agent. Both Eddy and Agent Thomasson testified that no promises were made to Eddy to encourage his conduct. See R., Vol. 14 at 60-61; 85-86. The later agreement to inform Eddy's probation officer of his cooperation if he testified truthfully had nothing to do with his conversation with defendant while incarcerated. See id., Vol. 11 at 2-3. In the absence of a quid pro quo relationship when the conversation occurred, Eddy was not operating as a government agent, and defendant's Sixth Amendment rights were not implicated. See United States v. Taylor, 800 F.2d 1012, 1016 (10th Cir. 1986) (holding in the absence of a quid pro quo relationship between government and informant who shared cell with defendant, informant's testimony regarding defendant's incriminating statements did not violate his constitutional rights).

Finally, defendant has not raised an arguable issue as to whether his constitutional rights were violated by the failure to submit the issues of drug

quantity and type to the jury for a determination beyond a reasonable doubt. Because defendant did not make this argument to the district court, he must demonstrate that it was plain error not to submit these issues to the jury. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, defendant must show that the district court committed (1) an error, (2) that was clear or obvious, and (3) that affected his substantial rights. See id. at 732, 734. Such an error requires reversal only when it "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." Id. at 732 (quotations omitted).

Based on our recent decision in United States v. Jones, Nos. 97-1377 & 97-1463, 1999 WL 1029120, at *6-*7 (10th Cir. Nov. 12, 1999), defendant cannot show that the district court committed an error, much less a clear or obvious error. In Jones, we held that the Supreme Court's decision did not require reexamination of our prior cases holding that the penalty provisions of 21 U.S.C. § 841(b) are not elements of the crime and thus need not be submitted to a jury. See id. at *7. Our position on this issue was summarized in United States v. Silvers, 84 F.3d 1317 (10th Cir. 1996), as follows:

> Our cases make clear not only that the mandatory minima prescribed in 21 U.S.C. § 841(b)(1)(A) are not substantive offenses in themselves, but further that the quantity of the [drug] possessed by the defendant is not an element of the substantive offense as defined in 21 U.S.C. § 841(a). We have also held it is unnecessary for the government to allege drug quantity in the indictment, and that even

-10-

when the government does so, the quantity alleged does not dictate the mandatory minimum that the court is required to impose under 21 U.S.C. § 841(b). Because drug quantity is not an element of the offense, the government is not bound to prove the quantity of drugs beyond a reasonable doubt in order to obtain a conviction under 21 U.S.C. § 841(a); rather, the government is required only to prove the quantity of drugs attributable to the defendant by a preponderance of the evidence at sentencing in order to trigger the mandatory minimum sentences prescribed in 21 U.S.C. § 841(b), just as the government is required to prove such quantities by a preponderance of the evidence to establish the defendant's base offense level under the Drug Quantity Table.

Id. at 1320 (quotations and citations omitted); see also United States v. Easter, 981 F.2d 1549, 1557 (10th Cir. 1992) (noting type of cocaine in § 841(b) is simply penalty factor, and not an element of cocaine trafficking offense).

Because the Supreme Court did not announce a new principle of constitutional law, we adhered to the doctrine of stare decisis and declined to reexamine the issue. See Jones, 1999 WL 1029120, at *7. Defendant, therefore, has not shown that the district court committed plain error in failing to submit the § 841(b) issues to the jury.

After considering defendant's brief and independently examining the record, we conclude this appeal is in fact without merit. Accordingly, counsel's motion to withdraw is GRANTED, and defendant's convictions and sentence are

-11-

AFFIRMED.  Defendant's motion for release pending resolution of this appeal is

DENIED as moot.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge