UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4454

KENNETH JUNIOR SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-98-1169)

Submitted: December 29, 1999

Decided: February 8, 2000

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, Harold Watson
Gowdy, III, Assistant United States Attorney, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Junior Smith was convicted by a jury of conspiracy to possess with intent to distribute and to distribute crack cocaine (21 U.S.C. § 846 (1994)) and possession with intent to distribute and distribution of crack cocaine (21 U.S.C. § 841(a)(1) (1994)). He was sentenced on each count to life imprisonment under 21 U.S.C. § 841(b) (1994), which provides that any person who violates § 841(a), where the violation involves fifty grams or more of cocaine base and the defendant has two or more prior convictions for a felony drug offense, faces a sentence of life imprisonment.

Smith appeals claiming that the threshold drug amounts provided under § 841(b) are elements of the offense--rather than sentencing factors--which must be alleged in the indictment and proved beyond a reasonable doubt. Because the drug quantity was not mentioned in the indictment, nor proved as an element of the offense, Smith claims that the statutory maximum sentence is thirty years per count, pursuant to § 841(b)(1)(C).

Smith relies on the Supreme Court's recent decision in Jones v. United States, 526 U.S. 227 (1999), which held that, with respect to the federal carjacking statute, factors that substantially increased a defendant's sentence are elements of the offense, rather than sentencing enhancements. However, no other circuit has extended Jones to the statute at issue here. See United States v. Williams, 194 F.3d 100 (D.C. Cir. 1999) (declining to extend Jones to § 841(b), holding that drug quantity is a sentencing factor, not an element of the offense); United States v. Jones, 194 F.3d 1178, 1185 (10th Cir. 1999) ("We find no holding in Jones that mandates we upset our § 841(b)(1) sentencing jurisprudence, which interprets that section as setting forth penalty provisions, rather than separate offenses."). We also decline to extend Jones to § 841(b).

Accordingly, we grant Smith's motion to file a supplemental pro se informal brief and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

2

als before the court and argument would not aid the decisional process.

AFFIRMED

3