**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DRUCILLA JEAN BAKER,

     Defendant-Appellant.

No. 00-6311
(W. District of Oklahoma)
(D.C. No. CIV-00-810-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Drucilla Baker's notice of appeal, which this court construes as a request for a certificate of appealability ("COA"),[1] and request to proceed on appeal *in forma pauperis*.[2] Baker needs a COA in order to appeal the district court's denial of her 28 U.S.C. § 2255 petition. *See* 28 U.S.C. § 2253(c)(1)(B). Because this court concludes that Baker has not "made a substantial showing of the denial of a constitutional right," *see id.* § 2253(c)(2), we **deny** her requests for a COA and to proceed *in forma pauperis* and **dismiss** the appeal.

A jury convicted Baker of one count of conspiracy to possess with intent to distribute and conspiracy to distribute methamphetamine, three counts of possession with intent to distribute methamphetamine, and two separate counts

---

[1]*See* Fed. R. App. P. 22(b)(2) ("If no express request for a [COA] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

[2]Baker filed her opening brief on appeal on November 27, 2000. On that same date, she filed a separate brief styled as a "Supplemental Opening Brief," along with a motion for leave to file the supplemental brief. Upon review of the proposed supplemental brief, it is apparent Baker thought, erroneously, that she was obligated to ask permission to file the brief because it raises an issue that was not raised before the district court, *i.e.*, an assertion that she was tried and sentenced in a manner at odds with the Supreme Court's recent decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Taken together, Baker's opening brief and supplemental brief are well within the page limitations set out in Fed. R. App. P. 32(a)(7). We, therefore, consider both briefs as a consolidated principal brief and **deny** as moot the motion to file a supplemental brief. Of course, as set forth more fully below, this court's decision to treat Baker's opening and supplemental brief as one principal brief does not mean that the *Apprendi* issue set forth in the supplemental brief is properly before the court.

each of distribution of methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Baker to a term of 210 months in prison. This court affirmed Baker's convictions and sentence on direct appeal. *See United States v. Baker*, Nos. 97-6311, -6312, 1998 WL 808392 (10th Cir. Nov. 20, 1998). Baker then filed the instant § 2255 petition raising the following claims: (1) her trial and appellate counsel were ineffective in failing to challenge on sufficiency grounds the district court's finding that the conspiracy involved d-methamphetamine; (2) trial counsel was ineffective in failing to object to the admission of certain out-of-court statements adduced by the prosecution at trial; (3) she was entitled to the application of the rule of lenity; (4) the denial of her motion to sever her trial from the trial of her co-defendant violated her right to due process. After considering each of Baker's claims on the merits, the district court denied Baker's petition.

On appeal, Baker reasserts her claim that trial and appellate counsel were ineffective in failing to litigate the question of whether the methamphetamine at issue was d- or l-methamphetamine. She also asserts for the first time on appeal that her conviction and sentence are invalid under the principles recently enunciated by the Supreme Court in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

In resolving Baker's ineffective assistance claim, the district court noted that the record conclusively demonstrated, in contrast to the assertions of Baker in her § 2255 petition, that the question of the amount and type of methamphetamine involved in the crimes was litigated both at trial and on appeal. After a sentencing hearing at which both sides presented evidence on the issue, the district court specifically found that the substance was d-methamphetamine. After an extensive discussion of the evidence presented before the district court, this court upheld the district court's finding against a sufficiency challenge. *See Baker*, 1998 WL 808392, at *7. Accordingly, the district court concluded that Baker could satisfy neither the performance nor prejudice prongs under *Strickland v. Washington*, 466 U.S. 668 (1984).

For the first time on appeal, Baker asserts that her conviction and sentence fail to conform to the Supreme Court's recent decision in *Apprendi*. Absent extraordinary circumstances, this court will not consider issues raised for the first time on appeal. *See Smith v. Dep't of Corrections*, 50 F.3d 801, 814 n.22 (10th Cir. 1995). Although Baker avers that she did not have time to move in the district court to amend her § 2255 petition to include a claim based on *Apprendi*, this court notes that *Apprendi* was issued by the Supreme Court almost two months before the district court issued its order denying Baker's § 2255 petition. Even assuming, however, that this court were to disregard Baker's waiver, and

-4-

further assuming that *Apprendi* applies retroactively to cases on collateral appeal under the principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989), it is absolutely clear that Baker is not entitled to any relief under *Apprendi*.

In a pair of cases, this court recently held that the failure to charge a specific drug quantity in the indictment and to have that quantity determined by the jury as required by *Apprendi* is harmless when the ultimate sentence received is no more than the twenty-year limit set out in § 841(b)(1)(C). *See United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000); *United States v. Heckard*, No. 99-2186, 2001 WL 15532, at *12 (10th Cir. Jan. 8, 2001). Because Baker's 210-month sentence falls well below the 240-month limit set out in § 841(b)(1)(C), *Apprendi* can provide her no relief. *Heckard* further forecloses Baker's claim based on *Apprendi* that sentencing enhancements under the Sentencing Guidelines must be set forth in the indictment, submitted to a jury, and proven beyond a reasonable doubt. In that regard, the *Heckard* court noted as follows:

> [T]he district court did not err in considering drug amount as an aggravating or mitigating factor in establishing Defendant's offense level under the Sentencing Guidelines. Not all facts that affect a defendant's sentence are essential elements, requiring prosecutorial proof and jury finding. The *Apprendi* court noted that judges may still "exercise discretion--taking into consideration various factors relating to both offense and offender--in imposing a judgment within the range prescribed by statute." *Apprendi*, 120 S. Ct. at 2358. In fact, the Court specifically avoided disrupting the use or adequacy of the Sentencing Guidelines, noting that "[t]he Guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held." *Id.*

at 2366 n.21. Judges may still ascertain drug quantities by a preponderance of the evidence for the purpose of calculating offense levels under the Sentencing Guidelines, so long as they do not sentence above the statutory maximum for the jury-fixed crime. *See United States v. Angle*, 230 F.3d 113, 123 (4th Cir. 2000) (interpreting §§ 841 and 846 in light of *Apprendi*). Thus, while the district court's drug quantity finding increased Defendant's offense level and hence his sentence, it did not increase the maximum sentence he faced, and as such did not infract *Apprendi*.

*Heckard*, 2001 WL 15532, at *11.

Baker is entitled to a COA only upon making "a substantial showing of the denial of a constitutional right." 28 U.S.C. §(c)(2). Baker can make such a showing by demonstrating that the issues she seeks to raise on appeal are debatable among jurists, a court could resolve the issues differently, or the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). This court has reviewed Baker's request for a COA and accompanying brief, the district court's order, and the entire record on appeal. That review demonstrates that the district court's resolution of the petition is not debatable, subject to an alternate resolution, or deserving of further proceedings. *See id.* Accordingly, this court **DENIES** Baker's request for a COA for substantially those reasons set forth in the district court's order

dated August 18, 2000.  Her request to proceed on appeal *in forma pauperis* is likewise **DENIED**.  This appeal is, therefore, **DISMISSED**.  *See* 28 U.S.C. § 2253(c).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge