**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

CARLOS ORANTES-MENDEZ,

 Defendant-Appellant.

No. 00-3358
(D.C. No. 00-CR-10082-MLB)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

Carlos Orantes-Mendez was convicted of illegally reentering the United

States after deportation, in violation of 8 U.S.C. § 1326(a). Violations of that

statute carry a maximum prison term of two years. However, section 1326(b)(2)

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

provides enhanced prison terms of up to twenty years for those who reenter the country illegally after a previous aggravated felony conviction. In light of Mr. Orantes-Mendez' prior aggravated felony conviction, he was sentenced to fifty-seven months in prison.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000), Mr. Orantes-Mendez argues his enhanced sentence is invalid because the fact of the prior conviction was not specified in his indictment. This argument disregards the explicit language of *Apprendi*, which limited its application to facts "other than a prior conviction." 466 U.S. at 490. Prior felony convictions remain a valid basis for sentencing enhancements under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See also United States v. Martinez-Villalva*, 232 F.3d 1329, 1331-1332 (10th Cir. 2000) (prior felony remains sentencing factor for section 1326 offense after *Apprendi*).

Mr. Orantes-Mendez acknowledges these holdings and asserts that he makes his current argument in order to preserve the issue for further appeal. Nevertheless, based upon existing law his appeal must be **DENIED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-2-