**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LUIS ARREOLA,

    Defendant-Appellant.

No. 02-4084
(D. Utah)
(D.C. Nos. 2:00-CV-850-B,
2:97-CR-67-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Luis Arreola applies pro se[1] for a certificate of appealability under 28 U.S.C. § 2253(c)(1) of the district court's denial of his petition for sentencing relief under 28 U.S.C. § 2255.[2]  Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we deny his request and dismiss the petition.

A jury convicted Mr. Arreola of distribution of five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.  He was sentenced under 21 U.S.C. § 841(b)(1)(A)(ii) to a mandatory minimum of twenty years imprisonment.[3]  He had earlier rejected a plea offer by the government that would have resulted in ten years imprisonment. In support of his application, Mr. Arreola asserts ineffective assistance of trial and appellate counsel, failure of the district court judge to recuse himself from the habeas action, and an unconstitutional sentence under *Apprendi v. United States,* 530 U.S. 466 (2000).

A certificate of appealability will issue "only if the applicant has made a

---

[1]  We liberally construe Mr. Arreola's pro se application.  *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2]  The district court did not act upon Mr. Arreola's application for a certificate of appealability within thirty days of filing of his notice of appeal.  In this circumstance, the application is deemed denied by the district court.  *United States v. Kennedy,* 225 F.3d 1187, 1193, n.3 (10th Cir. 2000), *cert. denied,* 532 U.S. 943 (2001).

[3]  His sentence was quantity-enhanced to a mandatory minimum of ten years, and further enhanced to a mandatory minimum of twenty years due to a prior conviction for a felony drug offense.  *See also,* 21 U.S.C. § 851.

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating "reasonable jurists could debate whether . . . the issues presented [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotation marks and citation omitted).

Effectiveness of trial counsel is determined by applying a two-part test: 1) counsel must have committed errors so serious as to fall outside the kind of functioning required by the Sixth Amendment; and 2) the defendant must show the deficient performance prejudiced the defense in such a fashion as to call into question the reliability of the proceedings. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). We will not indulge hindsight in evaluating counsel's effectiveness, as we apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "sound trial strategy." *Id.* at 689 (quotation marks omitted). A finding of ineffective appellate counsel depends on the merits of the issue not raised. *Duckett v. Mullin,* 306 F.3d 982, 996 (10th Cir. 2002).

Mr. Arreola argues his trial counsel was constitutionally ineffective for a number of reasons. First, he claims trial counsel should have objected to an alleged violation by the trial judge of Fed. R. Crim. P. 11(e), which forbids participation by the court in plea negotiations. No record evidence supports this

charge. At sentencing, the trial judge simply observed Mr. Arreola had earlier rejected a ten year plea offer which the court had encouraged him to accept when he had the chance to do so. If error at all, it was harmless. *See* Fed. R. Crim. P. 11(h). For the same reason, we see no basis for recusal of the trial judge from the § 2255 proceedings, as Mr. Arreola had requested under 28 U.S.C. § 455(a) (requiring disqualification where impartiality might reasonably be questioned).

Second, Mr. Arreola, who received an enhanced sentence due to a prior felony drug conviction, asserts error because counsel did not object to the district court's failure to comply with 21 U.S.C. § 851(b).[4] Notably, Mr. Arreola testified under oath to his prior felony drug conviction. The failure of the trial court to elicit the same information, as required by statute, is harmless error. *U.S. v. Lopez-Gutierrez,* 83 F.3d 1235, 1246-47 (10th Cir. 1996). The failure to advise as to foreclosure of the right to attack the prior conviction is of no moment when Mr. Arreola presents no grounds for such an attack. *Id.*

---

[4]  If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

In his final challenge to the effectiveness of trial counsel, Mr. Arreola protests his trial attorney: 1) allowed the district judge to conduct voir dire; 2) avoided defenses relating to chain of custody and proof of the controlled substance[5]; 3) for alleged personal reasons, agreed to a three day trial; and 4) did not object to the government's jury instructions. These claims are either meritless or fail to overcome a strong presumption of reasonable trial strategy. *Strickland,* 466 U.S. at 689.

Turning to the constitutionality of Mr. Arreola's sentence, we have interpreted *Apprendi*[6] to limit the sentence imposed for a violation of 21 U.S.C. § 841(a) to the unenhanced standard of not more than twenty years (21 U.S.C. § 841(b)(1)(C)), unless a quantity enhancement has been charged and proven to a jury. *United States v. Jones,* 235 F.3d 1231, 1236 (10th Cir. 2000). While charged here, the drug quantity was not proven to a jury. The sentence imposed, though, is within the statutory maximum of twenty years[7], and is therefore constitutional. *United States v. Heckard,* 238 F.3d 1222, 1235 (10th Cir. 2001).

---

[5] Mr. Arreola defended on the grounds he had no knowledge of the secret compartment (or the cocaine it contained) in the vehicle he was driving.

[6] "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490.

[7] Under 21 U.S.C. § 841(b)(1)(C), a prior felony drug conviction, such as Mr. Arreola's, further enhances to a statutory maximum of thirty years.

We find no deficient performance by trial or appellate counsel, find no error in the district court judge failing to recuse himself, and detect no *Apprendi* violation. Therefore, we conclude no reasonable jurist would debate the district court's denial of Mr. Arreola's § 2255 petition. Accordingly, we decline to issue a certificate of appealability, and dismiss the petition.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge