**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GUS LINES, a/k/a Vamp,
　　　　　*Defendant-Appellant.*

No. 00-4658

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-98-795)

Submitted: February 28, 2001

Decided: April 5, 2001

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Jon Rene Josey, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; E. Jean Howard, Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gus Lines was convicted of conspiracy to possess with intent to
distribute cocaine and cocaine base, 21 U.S.C. § 846 (1994), and pos-
session with the intent to distribute cocaine and cocaine base, 21
U.S.C.A. § 841(a)(1) (West 1999), and sentenced to life imprison-
ment. We affirmed Lines' conviction but vacated and remanded for
resentencing, concluding that he should have only received a one-
level enhancement, rather than the three-level enhancement he
received as a manager or supervisor under *U.S. Sentencing Guidelines*
§ 3B1.1(b) (1998).

On remand, the district court resentenced Lines to 240 months on
each count, to run consecutively, taking into account the Supreme
Court's reasoning in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),
which was decided while Lines' appeal was pending. Lines' attorney
has filed a brief in accordance with *Anders v. California*, 386 U.S.
738 (1967), addressing whether: (1) his conviction should be vacated
because drug quantities were not included in the indictment or sub-
mitted to the jury, and (2) the district court erred by imposing consec-
utive, rather than concurrent, 240-month sentences. Counsel
concedes, however, that there are no meritorious issues for appeal.
Lines has filed a supplemental pro se brief addressing the same claims
raised by his attorney.

Several circuits have held post-*Apprendi* that when drug quantity
is not charged as an element of the offense and found by a jury
beyond a reasonable doubt, the maximum statutory term of imprison-
ment for each count of conviction is twenty years (or 240 months).
*United States v. Baltas*, 236 F.3d 27, 2001 WL 1001, at *13 (1st Cir.
Jan. 2, 2001); *United States v. Nance*, 236 F.3d 820, 2000 WL
1880629, at *3-*4 (7th Cir. Dec. 29, 2000); *United States v. Jones*,
235 F.3d 1231, 2000 WL 1854077, at *5 (10th Cir. Dec. 19, 2000);

*United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000), *petition for cert. filed*, U.S.L.W. (U.S. Jan. 3, Feb. 6, 2001) (No. 00-7751, 00-8491); *United States v. Nealy*, 232 F.3d 825, 829 (11th Cir. 2000); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1152 (2001); *United States v. Aguayo-Delgado*, 220 F.3d 926, 930 (8th Cir.), *cert. denied*, 121 S. Ct. 6000 (2000); *see also United States v. Nordby*, 225 F.3d 1053, 1058-59 (9th Cir. 2000) (holding that absent a jury finding on drug quantity, five-year statutory maximum term of imprisonment for violation of 21 U.S.C.A. § 841(a) involving marijuana applies).

Here, Lines' guideline range was determined to be 360 to 480 months imprisonment, based on a total offense level of 41 and a criminal history Category V. Taking *Apprendi* into account, the district court imposed a 240-month sentence on each count of conviction, to run consecutively. Lines argues that the district court erred in imposing consecutive rather than concurrent sentences on the two counts of conviction. However, in light of this court's decision in *United States v. White*, 238 F.3d 537 (4th Cir. 2001), the district court did not err.

In accordance with the requirements of *Anders*, we have examined the entire record in this case and find no meritorious issues for appeal. Accordingly, we affirm Lines' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*