UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

WILLIAM CORREY TALLEY, a/k/a Rat
Rat,

    *Defendant-Appellant.*

No. 00-4698

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Terrence W. Boyle, Chief District Judge.
(CR-94-65)

Submitted: April 27, 2001

Decided: May 24, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Joseph B. Gilbert, MCNEIL & GILBERT, Jacksonville, North Caro-
lina, for Appellant. Janice McKenzie Cole, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William Correy Talley appeals the imposition of a 360-month sentence at his resentencing hearing, following his conviction after a jury trial for conspiracy to distribute and to possess with intent to distribute cocaine base.* Talley's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), requires that Talley's sentence be vacated, but stating that, in his view, there are no meritorious issues for appeal. Talley has filed a pro se supplemental brief also contending that *Apprendi* invalidates his sentence.

Under *Apprendi*, any fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the offense and, as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. 120 S. Ct. at 2362-63. Talley was indicted for a drug conspiracy. For this offense, 21 U.S.C.A. § 841(b)(1)(C) (West 1999) provides a sentencing range of up to twenty years imprisonment when the drug amount is less than those amounts specified in 21 U.S.C.A. § 841(b)(1)(A), (B) (West 1999) (providing for maximum sentences of forty years for five to fifty grams of cocaine base and life for over fifty grams). Other circuits have held that, when the sentence is above the twenty years prescribed in § 841(b)(1)(C), the amount of drugs must be treated as an element of the offense, generally by being charged in the indictment and found beyond a reasonable doubt by a jury. *See, e.g.*, *United States v. Baltas*, 236 F.3d 27, 40-41 (1st Cir. 2001); *United States v.*

---

*When Talley initially appealed his conviction and life sentence, we affirmed his conviction but remanded for further findings on drug quantity. On remand, the district court made further factual findings and imposed a 360-month sentence.

*Nance*, 236 F.3d 820, 825 (7th Cir. 2000); *United States v. Jones*, 235 F. 3d 1231, 1235-36 (10th Cir. 2000).

Talley was charged in the indictment with conspiracy to distribute and to possess with intent to distribute in excess of twenty-five kilograms of cocaine base. The parties disagree as to whether the drug amount was presented to the jury and found beyond a reasonable doubt. Assuming, without deciding, that drug quantity must be found beyond a reasonable doubt and that the question was not presented to the jury, Talley's sentence of 360 months (thirty years) imprisonment, which exceeded the statutory maximum of twenty years for under five grams of cocaine base, violated the dictates of *Apprendi*.

Nonetheless, because he failed to object below, Talley must show that the district court's failure to submit the question to the jury was plain error. *See United States v. Strickland*, ___ U.S. ___, 2001 WL 320887, *5 (4th Cir. Apr. 3, 2001). Under plain error analysis, the defendant bears the burden of showing that the jury would not have returned a guilty verdict if the drug quantity in question had been submitted to the jury. *Id.* There was overwhelming evidence at trial that Talley trafficked in large quantities of crack cocaine. As just one example, Ronald Jerome Perkins testified that Talley sold from three to seven $1000 packs, each consisting of ten grams of crack cocaine, on a daily basis for several years. At that rate, it would conservatively take Talley only eighty-five days (about three months) to sell twenty-five kilograms of crack cocaine. The evidence also showed that Talley was involved in a crack cocaine conspiracy for over four years. Perkins is merely representative of the other witnesses who testified at Talley's trial, and our close review of the record convinces us that the Government proved, beyond a reasonable doubt, that Talley dealt with far more than twenty-five kilograms of crack cocaine.

In addition, Talley did not make drug quantity an issue at trial. He presented no evidence tending to establish the quantity of cocaine base involved in the conspiracy. Instead, he argued that he had no involvement at all in the cocaine business. Thus, any error in failing to present the drug quantity to the jury was harmless, as it is clear, beyond a reasonable doubt, that the jury would have returned the same verdict had there been no error.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We, therefore, affirm Talley's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*